IJT likp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6110 CR-HURLEY

18 U.S.C. §371
18 U.S.C. §513(a)
18 U.S.C. §2

**MAGISTRATE JUDGE VITUNAC**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PATRICE OLIVIER,

        Defendant.

## INFORMATION

The United States Attorney charges that:

### COUNT I

1. From on or about August 30, 1999, through, on or about, February 10, 2000, the exact dates being unknown, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

PATRICE OLIVIER,

did knowingly and willfully, combine, conspire, confederate and agree with others known and unknown, to make, utter and possess counterfeited and forged securities of an organization, that is, checks drawn on NationsBank, First Union Bank and Wachovia Bank, with intent to deceive another person and organization, that is, NationsBank, First Union Bank and Wachovia Bank, organizations which operated in and the activities of which affected interstate commerce, in violation of Title 18, United States Code, Sections 513(a) and 2.

## GENERAL ALLEGATIONS

At all times material to this Information:

2. NationsBank was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, had branches in Broward County and throughout the Southern District of Florida, and was an organization which operated in and the activities of which affected interstate commerce.

3. First Union Bank was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, had branches in Broward County, throughout the Southern District of Florida and elsewhere, and was an organization which operated in and the activities of which affected interstate commerce.

4. Wachovia Bank was a financial institution, whose accounts were insured by the Federal Deposit Insurance Corporation, had branches in Broward County, throughout the Southern District of Florida and elsewhere, and was an organization which operated in and the activities of which affected interstate commerce.

## OBJECT OF THE CONSPIRACY

5. It was the object of the conspiracy that the defendant and his co-conspirators would unlawfully enrich themselves by making, uttering and possessing counterfeited and forged securities, that is, counterfeited and forced corporate checks, and then negotiating those counterfeited and forged corporate checks at various NationsBank, First Union Bank and Wachovia Bank branches located in Broward County, in the Southern District of Florida.

## MANNER AND MEANS

The manner and means by which the defendant sought to accomplish the object of the conspiracy included the following:

6. It was part of the conspiracy that PATRICE OLIVIER would, through the use of his computer, scanner, printer, and blank check stock, manufacture counterfeited corporate checks of various corporate accounts. All of these checks were drawn on NationsBank, First Union Bank, or Wachovia Bank.

7. It was further part of the conspiracy that PATRICE OLIVIER would obtain the corporation's account information, including its name, address, account number and legitimate authorized signature, and use that information to manufacture the counterfeit corporate checks.

8. It was further part of the conspiracy that PATRICE OLIVIER would recruit individuals commonly known as "runners," to go to NationsBank for the purpose of negotiating a counterfeit check. PATRICE OLIVIER would make the check payable to the runner.

9. It was further part of the conspiracy that PATRICE OLIVIER would pay each runner a monetary fee for their services.

## OVERT ACTS

In furtherance of said conspiracy and to effect the object thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

10. On or about August 30, 1999, a co-conspirator who identified himself by the fictitious name of "Miguel R. Ponce" negotiated and attempted to negotiate a counterfeit check at a NationsBank branch in Hollywood, Florida.

11. On or about October 8, 1999, a co-conspirator who identified himself by the fictitious name of "Miguel R. Ponce" negotiated and attempted to negotiate a counterfeit check at a NationsBank branch in Hollywood, Florida.

12. On or about November 19, 1999, a co-conspirator who identified herself by the fictitious name of "Cynthia T. Harris" negotiated seven counterfeit checks at NationsBank branches throughout Broward and Miami-Dade Counties, Florida.

13. On or about December 17, 1999, a co-conspirator who identified himself by the fictitious name of "Miguel R. Ponce" negotiated and attempted to negotiate a counterfeit check at a NationsBank branch in Hollywood, Florida.

14. On or about February 9, 2000, defendant PATRICE OLIVIER manufactured a counterfeit New York driver's license and a counterfeit Broward County School Board identification card in the name "Cynthia Harris."

15. On or about February 10, 2000, defendant PATRICE OLIVIER provided Patricia Alexander with an envelope containing seven counterfeit bank checks, a counterfeit New York driver's license and a counterfeit Broward County School Board identification card.

All in violation of Title 18, United States Code, Section 371.

THOMAS E. SCOTT
UNITED STATES ATTORNEY


TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

PATRICE OLIVIER

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information**:

New Defendant(s)       Yes ___   No ___
Number of New Defendants    ___
Total number of counts      ___

**Court Division**: (Select One)

___ Miami     ___ Key West
_X_ FTL       ___ WPB     ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No) __No__
   List language and/or dialect  __English__

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                           (Check only one)

   I    0 to 5 days      _X_      Petty       ___
   II   6 to 10 days     ___      Minor       ___
   III  11 to 20 days    ___      Misdem.     ___
   IV   21 to 60 days    ___      Felony      _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  __No__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?  (Yes or No)  __Yes__
   If yes:
   Magistrate Case No.  __00-4031-BSS__
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No) __NO__

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? _X_ Yes ___ No  If yes, was it pending in the Central Region? _X_ Yes ___ No

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY
Court Bar No. A5500030

*Penalty Sheet(s) attached
N:\udd\hpantale\tthompso\OLIVIER\INfPKG2.wpd

REV.4/7/99

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: __PATRICE OLIVIER__        No.:_____

Count #I:
Conspiracy to defraud Banks, all in violation of 18:371

*Max Penalty:    5 years' maximum imprisonment; $250,000 fine

Count # :

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV 12/12/96